IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 6:18-cr-00582-DCC-1 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Tremaine Jerrod Alexander Wolfe. ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Defendant's Pro Se Motion for Compassionate Release and counseled Memorandum in Support thereof, seeking reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 152, 169. The Government filed a Response in Opposition. ECF No. 156. At the Court's instruction, Mr. Wolfe filed additional supplemental information. ECF No. 183. Finally, the Court has also considered supplemental filings by Mr. Wolfe in connection with his Motion. ECF Nos. 153, 164, 178, 179, 180. For the reasons that follow, the Motion is denied.

## **BACKGROUND**

Mr. Wolfe pled guilty on November 22, 2019, to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). ECF No. 130. On December 2, 2019, he was sentenced to 60 months of imprisonment and four years of supervised release. ECF No. 133.

Mr. Wolfe filed his pro se Motion for Compassionate Release on November 6, 2020. ECF No. 152. The Court appointed counsel on November 12, 2020. ECF No. 57. Following briefing by the parties, the Motion is now before the Court.

**APPLICABLE LAW**

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) permits modification of a term of imprisonment upon motion of the defendant after exhaustion of the defendant's administrative remedies. If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission,"[1] the court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id*. The statute further instructs the court to "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id*.; *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) ("a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)" without considering the § 3553(a) factors). Therefore, in order to grant compassionate release pursuant to § 3582(c)(1)(A)(i), the district court must (1) find that "extraordinary and compelling reasons" warrant a reduction in the prisoner's sentence, and (2) consider the applicable § 3553(a) factors in light of the prisoner's extraordinary circumstances.[2] *Kibble*, 992 F.3d at 330, 332.

---

[1] Although U.S.S.G. § 1B1.13(1)(A) is entitled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," by its terms it addresses only those requests brought "[u]pon motion of the Director of the Bureau of Prisons." It is therefore inapplicable to compassionate release motions filed by defendants pursuant to § 3582(c)(1)(A)(i). *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Because no applicable sentencing guideline exists, "§ 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts." *Id*.

[2] Because the statute "does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release," the Fourth Circuit has understood this language "as providing district courts with procedural

## DISCUSSION

*Appellate Jurisdiction*

The Government first asserts that Mr. Wolfe's pending appeal in the Fourth Circuit Court of Appeals divests this Court of jurisdiction. Indeed, the district court lacks the authority to grant a motion for reduction of sentence while the defendant's appeal is pending. *See United States v. Bunch*, 828 F. App'x 185 (4th Cir. 2020); *United States v. Pawlowski*, 967 F.3d 327, 329 n.4 (3d Cir. 2020); *United States v. Cardoza*, 790 F.3d 247, 248 (1st Cir. 2015). When faced with a motion for compassionate release during a pending appeal, the court may (1) defer considering the motion, (2) deny the motion, or (3) issue an indicative ruling. *Bunch*, 828 F. App'x at 185; Fed. R. Crim. Pro. 37(a). As explained below, the Court finds it appropriate to deny Mr. Wolfe's Motion. The Fourth Circuit's appellate jurisdiction therefore poses no obstacle to the issuance of this Order.

*Exhaustion*

The First Step Act requires defendants to exhaust their administrative remedies before moving the Court for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). To satisfy the exhaustion requirement, "incarcerated persons must first ask the [Bureau of Prisons ("BOP")] to file a motion for compassionate release on their behalf, and then, either (1) appeal the BOP's failure to bring a motion on their behalf, or (2) allow 30 days to lapse after making the request[.]" *Kibble*, 992 F.3d at 330 n.2.

Although the Government disputes Mr. Wolfe's assertion that he handed a compassionate release request to the Warden prior to October 1, 2020, and that the

---

guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release." *Kibble*, 992 F.3d at 331 n.3.

3

Warden placed the request in his shirt pocket, the record shows that Mr. Wolfe sent a compassionate release request to the Warden on November 23, 2020.  ECF No. 164-1.  More than 30 days have passed without response.  The Court therefore continues to the merits of Mr. Wolfe's Motion.

***Extraordinary and Compelling Reasons***

Mr. Wolfe argues that he is at increased risk from COVID-19 due to his health conditions, specifically hyperlipidemia, hypertension, asthma, and obesity.  Courts in this district and elsewhere have found, particularly at the height of the pandemic, that the COVID-19 pandemic may constitute an extraordinary and compelling reason to reduce a defendant's sentence in conjunction with specific risk factors such as age or medical condition. *See*, *e.g.*, *United States v. Griggs*, 462 F. Supp. 3d 610, 620 (D.S.C. 2020); *United States v. Bing*, CR/A No. 1:15-cr-0637-JMC-1, 2020 WL4043610, at *6 (D.S.C. July 17, 2020).  Moreover, the Centers for Disease Control and Prevention ("CDC") have identified obesity and severe obesity (defined as body mass index ("BMI") ≥30 kg/m$^2$), moderate to severe asthma, and "possibly" hypertension as conditions that "can make you more likely to get severely ill from COVID-19."  *See COVID-19*, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).

However, additional, countervailing considerations lead the Court to find that no extraordinary and compelling reason for a reduction of sentence exists in this case.  First, the Court takes notice of waning COVID-19 case numbers and revised CDC guidelines, as well as the loosening of restrictions by public bodies across the country.  *See COVID Data Tracker Weekly Review*, https://www.cdc.gov/coronavirus/2019-ncov/covid-

data/covidview/index.html (last updated May 28, 2021). In the absence of evidence suggesting a particular risk of infection at the facility where a defendant is housed, the overall reduction in cases may indicate that the COVID-19 pandemic no longer constitutes an exceptional and compelling reason for compassionate release even in conjunction with underlying medical conditions.

Second, medical records show that Mr. Wolfe's health conditions appear to be generally well-controlled, that he has already contracted COVID-19, and that he has received both doses of the Pfizer-BioNTech vaccine against COVID-19. *See* ECF No. 183-2. The efficacy of this vaccine against confirmed COVID-19 in individuals of Mr. Wolfe's age group (16 to 55 years) has been estimated at 95.6%. *See Pfizer-BioNTech COVID-19 Vaccine Emergency Use Authorization Review Memorandum*, Food and Drug Administration, available at https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/pfizer-biontech-covid-19-vaccine (Dec. 11, 2020). Moreover, there is evidence to indicate that persons who have previously contracted COVID-19 are at significantly decreased risk of repeat infection. *See SARS-CoV-2 Antibodies Protect from Reinfection*, National Institutes of Health, https://www.nih.gov/news-events/nih-research-matters/sars-cov-2-antibodies-protect-reinfection (Mar. 2, 2021) ("People with SARS-CoV-2 antibodies, a sign of prior infection, were much less likely to test positive for COVID-19 in the following months."). In light of Mr. Wolfe's fully vaccinated status and prior exposure, the Court does not find that the COVID-19 pandemic constitutes an extraordinary and compelling reason for his early release. *See*, *e.g.*, *United States v. Burks*, (W.D.N.C. Apr. 13, 2021) (finding no

5

extraordinary and compelling reason for early release based on COVID-19 risk factors because the defendant had received both doses of an effective vaccine).

Finally, the Court notes that United States Penitentiary McCreary, the facility at which Mr. Wolfe is housed, currently reports zero COVID-19 infections among its 1,426 inmates and just two cases among its staff.  *See COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus (last accessed June 3, 2021).  This level of infection does not reflect a significant risk to Mr. Wolfe, particularly since he has received both doses of a highly effective vaccine.

After careful consideration of Mr. Wolfe's medical record, therefore, the Court finds that the overall circumstances do not constitute an extraordinary and compelling reason warranting his early release.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion for Compassionate Release [152] is **DENIED WITHOUT PREJUDICE**.  Mr. Wolfe is free to file a renewed motion in the event of a material change in circumstances warranting a reduction of his sentence.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

June 4, 2021
Spartanburg, South Carolina