IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 6:18-cr-00582-DCC-1 |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Tremaine Jerrod Alexander Wolfe ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Defendant's Pro Se Renewed Motion for Compassionate Release and counseled Response in Support thereof, seeking reconsideration of the Court's Order (ECF No. 184) ("the June Order") entered on June 4, 2021, denying his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 188, 191. The Government filed a Response in Opposition. ECF No. 193. For the reasons set forth below, the Motion is denied.

## **BACKGROUND**

Mr. Wolfe pleaded guilty on November 22, 2019, to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). ECF No. 130. On December 2, 2019, he was sentenced to 60 months of imprisonment and four years of supervised release. ECF No. 133. Mr. Wolfe filed his First Pro Se Motion for Compassionate Release on November 6, 2020. ECF No. 152. On June 4, 2021, this Court denied the Motion without prejudice. ECF No. 184. Thereafter, Mr. Wolfe filed a Pro Se Renewed Motion for Compassionate Release, seeking reconsideration of the June Order. ECF No. 188. The Court reappointed counsel on October 4, 2021. ECF No. 189. Following briefing by the parties, the Motion is now before the Court.

## APPLICABLE LAW

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) permits modification of a term of imprisonment upon motion of the defendant after exhaustion of the defendant's administrative remedies. If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission,"[1] the court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id*. The statute further instructs the court to "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id*.; *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (noting "a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)" without considering the § 3553(a) factors). Therefore, in order to grant compassionate release pursuant to § 3582(c)(1)(A)(i), the district court must (1) find that "extraordinary and compelling reasons" warrant a reduction in the prisoner's sentence, and (2) consider the applicable § 3553(a) factors in light of the prisoner's extraordinary circumstances.[2] *Kibble*, 992 F.3d at 330, 332.

---

[1] Although U.S.S.G. § 1B1.13(1)(A) is entitled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," by its terms it addresses only those requests brought "[u]pon motion of the Director of the Bureau of Prisons." It is therefore inapplicable to compassionate release motions filed by defendants pursuant to § 3582(c)(1)(A)(i). *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Because no applicable sentencing guideline exists, "§ 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts." *Id*.

[2] Because the statute "does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release," the Fourth Circuit has understood this language "as providing district courts with procedural

## DISCUSSION

### *Appellate Jurisdiction*

The Government first asserts that Mr. Wolfe's pending appeal in the Fourth Circuit Court of Appeals divests this Court of jurisdiction. Indeed, the district court lacks the authority to grant a motion for reduction of sentence while the defendant's appeal is pending. *See United States v. Bunch*, 828 F. App'x 185 (4th Cir. 2020); *United States v. Pawlowski*, 967 F.3d 327, 329 n.4 (3d Cir. 2020); *United States v. Cardoza*, 790 F.3d 247, 248 (1st Cir. 2015). When faced with a motion for compassionate release during a pending appeal, the court may (1) defer considering the motion, (2) deny the motion, or (3) issue an indicative ruling. *Bunch*, 828 F. App'x at 185; Fed. R. Crim. Pro. 37(a). As explained below, the Court finds it appropriate to deny Mr. Wolfe's Motion. The Fourth Circuit's appellate jurisdiction therefore poses no obstacle to the issuance of this Order.

### *Extraordinary and Compelling Reasons*

In the June Order, the Court made the following observations in denying Mr. Wolfe's compassionate release motion:

> [A]dditional, countervailing considerations lead the Court to find that no extraordinary and compelling reason for a reduction of sentence exists in this case. First, the Court takes notice of waning COVID-19 case numbers and revised CDC guidelines, as well as the loosening of restrictions by public bodies across the country. *See COVID Data Tracker Weekly Review*, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/covidview/index.html (last updated May 28, 2021). In the absence of evidence suggesting a particular risk of infection at the facility where a defendant is housed, the overall reduction in cases may indicate that the COVID-19 pandemic no longer constitutes an exceptional and

---

guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release." *Kibble*, 992 F.3d at 331 n.3.

> compelling reason for compassionate release even in conjunction with underlying medical conditions.
>
> Second, medical records show that Mr. Wolfe's health conditions appear to be generally well-controlled, that he has already contracted COVID-19, and that he has received both doses of the Pfizer-BioNTech vaccine against COVID-19. *See* ECF No. 183-2. The efficacy of this vaccine against confirmed COVID-19 in individuals of Mr. Wolfe's age group (16 to 55 years) has been estimated at 95.6%. *See Pfizer-BioNTech COVID-19 Vaccine Emergency Use Authorization Review Memorandum*, Food and Drug Administration, available at https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/pfizer-biontech-covid-19-vaccine (Dec. 11, 2020). Moreover, there is evidence to indicate that persons who have previously contracted COVID-19 are at significantly decreased risk of repeat infection. *See SARS-CoV-2 Antibodies Protect from Reinfection*, National Institutes of Health, https://www.nih.gov/news-events/nih-research-matters/sars-cov-2-antibodies-protect-reinfection (Mar. 2, 2021) ("People with SARS-CoV-2 antibodies, a sign of prior infection, were much less likely to test positive for COVID-19 in the following months."). In light of Mr. Wolfe's fully vaccinated status and prior exposure, the Court does not find that the COVID-19 pandemic constitutes an extraordinary and compelling reason for his early release. *See*, *e.g.*, *United States v. Burks*, (W.D.N.C. Apr. 13, 2021) (finding no extraordinary and compelling reason for early release based on COVID-19 risk factors because the defendant had received both doses of an effective vaccine).
>
> Finally, the Court notes that United States Penitentiary McCreary, the facility at which Mr. Wolfe is housed, currently reports zero COVID-19 infections among its 1,426 inmates and just two cases among its staff. *See COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus (last accessed June 3, 2021). This level of infection does not reflect a significant risk to Mr. Wolfe, particularly since he has received both doses of a highly effective vaccine.

ECF No. 184 at 4–6. In seeking reconsideration of the June Order, Mr. Wolfe asserts that he should be granted compassionate release because of a COVID-19 outbreak resulting in lockdown at his BOP facility on August 4, 2021, and the fact that most of the

4

correctional officers at the facility are not vaccinated. ECF No. 188 at 1–2. In his counseled Response in Support, he points to the ongoing COVID-19 pandemic, his preexisting medical conditions, and his rehabilitation efforts as extraordinary and compelling reasons for his release. ECF No. 191 at 1–2.

"The Federal Rules of Criminal Procedure have no provisions governing motions for reconsideration." *United States v. Fuentes-Morales*, C.A. No. 5:14-cr-00556-JMC, 2017 WL 541052, at *1 (D.S.C. Feb. 10, 2017). "However, the rules and federal case law do recognize such motions can be proper in a criminal setting." *Id.* (citing Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); *United States v. Dieter*, 429 U.S. 6, 8 (1976) ("The fact that appeals are not routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors."); *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (stating that motions to reconsider are proper in a criminal setting).

The Court also looks to the Federal Rules of Civil Procedure for guidance. Rule 59 of the Federal Rules of Civil Procedure allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS Inc.*, 501 F. App'x 275,

285 (4th Cir. 2012).  The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court.  *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995).  A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C.A. No. 4:14-cv-1063-TMC, 2016 WL 142324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may grant relief from an adverse final judgment if the party shows: (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).  Under this rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Pac. Ins. Co. v. Am. Nat. Fire. Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Upon review, the Court notes that Mr. Wolfe's arguments do not fit neatly into any of the grounds for relief under Rule 59 or Rule 60(b).  *See United States v. Williamson*, C.A. No. 1:17-cr-987-JMC, 2021 WL 1526488, at *4 (D.S.C. Apr. 19, 2021) (considering the defendant's motion under Rule 59(e))[3].  However, this failure is irrelevant because a

---

[3] The Court notes that, unlike the motion considered in *Williamson*, this Motion is untimely under Rule 59(e).  *See* Fed. R. Civ. P. 59(b) (noting a motion for reconsideration under Rule 59(e) must be filed no later than 28 days after the entry of judgment).  In such

6

remedy under Rule 59 or Rule 60(b) is unavailable to Mr. Wolfe.  In the June Order, the Court specifically considered Mr. Wolfe's preexisting medical conditions—hyperlipidemia, hypertension, asthma, and obesity—and determined that they did not demonstrate extraordinary and compelling reasons to reduce his sentence.  In this regard, the instant Motion is properly viewed as a rehash of issues already ruled upon because Mr. Wolfe is displeased with the result.  *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); *Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC*, 2007 WL 2021901, at *2 (E.D. Va. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."); *see also United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982) ("Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b).").  As a result, the Court declines to reconsider the June Order.

To the extent that Mr. Wolfe's Motion is truly a Renewed Motion for Compassionate Release based upon a material change in circumstances, the Court likewise denies the Motion.[4]  As discussed in the June Order, the Court finds Mr. Wolfe properly exhausted

---

cases, the motion should be considered as brought pursuant to Rule 60(b).  Thus, out of an abundance of caution, the Court has considered Mr. Wolfe's Motion under both standards.

[4] The Court acknowledges that in Mr. Wolfe's Pro Se filing, he explains that USP McCreary experienced a COVID-19 outbreak which caused the facility to lock down on August 4, 2021.  Because the increased level of infection at the facility occurred following the issuance of the June Order, it may constitute a material change in circumstances.  Consequently, the Court has also reviewed the motion as a Renewed Motion.

7

his administrative remedies by sending a request to the Warden for compassionate release on November 23, 2020, which was denied in December 2020. ECF No. 184 at 3–4; *see United States v. Evans*, 504 F.Supp.3d 519, 527 (E.D. Va. Dec. 2, 2020) (noting § 3582 "requires only that a defendant give the BOP a chance to first evaluate a compassionate release request" and holding that a defendant need not apply to the BOP twice before filing a renewed motion for compassionate release).

Proceeding to the merits of his renewed Motion, the Court finds Mr. Wolfe has failed to demonstrate a material change in circumstances warranting compassionate release. In his counseled Response in Support of his Motion, Mr. Wolfe argues that, although he has received three doses of the Pfizer-BioNTech COVID-19 vaccine, it is unclear whether he is sufficiently protected from contracting the virus, given his preexisting conditions and the vaccines' waning immunity over time, and whether the vaccines continue to protect him from the current and emerging variants of the virus. ECF No. 191 at 6–10. He also asserts that the correctional staff's low vaccination rate at his facility presents an increased risk that he will contract the virus again. *Id.* at 11.

In the June Order, this Court found that "medical records show[ed] that Mr. Wolfe's health conditions appear[ed] to be generally well-controlled, that he has already contracted COVID-19, and that he has received both doses of the Pfizer-BioNTech vaccine against COVID-19." ECF No. 184 at 5. Upon review of additional medical records Mr. Wolfe included in his current submission, the Court finds that his health conditions continue to be generally well-controlled and notes that he received a third dose of the vaccine in August 2021. ECF Nos. 191-1, 191-2, 191-3, 191-6. As noted in the previous order, "[t]he efficacy of this vaccine against confirmed COVID-19 in individuals

8

in Mr. Wolfe's age group (16 to 55 years) has been estimated at 95.6%," and "there is evidence to indicate that persons who have previously contracted COVID-19 are at significantly decreased risk of repeat infection." *Id.*  While it is true that recent data have shown that the effectiveness of the first two doses of a COVID-19 vaccine wanes overtime, third dose booster shots are widely available to improve protection against the virus and continue to prevent infection from emerging variants.  *See COVID-19 Vaccine Boosters*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/booster-shot.html (last updated Apr. 14, 2022).  The Court notes that Mr. Wolfe has received this protection in addition to his first two doses and commends him for having done so.  ECF No. 191-6.

In addition to the fact that Mr. Wolfe is fully vaccinated, evidence of his current placement weighs heavily against a determination that extraordinary and compelling reasons warrant a reduction in his sentence.  In the June Order, the Court noted that United States Penitentiary ("USP") McCreary, the facility in which Mr. Wolfe is housed, reported zero COVID-19 infections among its 1,426 inmates and two cases among its staff.  ECF No. 184 at 6.  Today, there are zero cases of COVID-19 among both inmates and staff at that facility.  *See COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus (last accessed Apr. 21, 2022); *see also COVID-19 Vaccine Implementation*, BOP, https://www.bop.gov/coronavirus (last accessed Apr. 21, 2022) (noting USP McCreary has vaccinated 1,386 inmates, resulting in a vaccination rate of over 85% of the facility's inmates).  This level of infection does not reflect a significant risk to Mr. Wolfe, particularly since he has received three doses of a highly effective vaccine.  After careful consideration of Mr. Wolfe's medical record, therefore, the Court finds that the overall

circumstances do not constitute an extraordinary and compelling reason warranting his early release.

## **CONCLUSION**

For the reasons set forth above, Defendant's Pro Se Renewed Motion for Compassionate Release [188] is **DENIED WITHOUT PREJUDICE**. Mr. Wolfe is free to file a renewed motion in the event of a material change in circumstances warranting a reduction of his sentence.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 21, 2022
Spartanburg, South Carolina